# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## COLUMBUS, OHIO

| | |
|---|---|
| New NV Co., LLC  dba Wayne Homes<br>3777 Boettler Oaks Dr.<br>Uniontown, Ohio  44685<br><br>          Plaintiff,<br><br>v.<br><br><br>Allen Hibbert Land Company formerly American Heritage Homes Corporation<br>4685 Old Columbus Road,<br>Carroll, Ohio 43122<br><br>-and-<br><br>American Heritage Homes Corporation<br>4685 Old Columbus Road,<br>Carroll, Ohio 43122<br>-or<br>c/o<br>Bruce H. Burkholder, Esq, as Statutory Agent for all Above Named Defendants<br>Wiles Boyle Burkholder & Bringardner, LPA<br>300 Spruce Street<br>Columbus, Ohio 43215<br><br>-and-<br><br>Troy Prater<br>5356 Miller-Paul Road<br>Westerville, Ohio   43082<br><br>-and-<br><br>Cindy Prater<br>5356 Miller-Paul Road<br>Westerville, Ohio 43082<br><br>-and-<br><br>"John Doe(s)" Draftsperson or persons responsible for recreating the copyrighted material.<br><br>          Defendants. | CASE NO:<br><br>JUDGE:<br><br><u>COMPLAINT FOR COPYRIGHT INFRINGMENT, UNFAIR COMPETITION, UNJUST ENRICHMENT, PRELIMINARY AND PERMANENT INJUNCTION</u> |

Plaintiff, NewNV, Co., LLC dba Wayne Homes, (hereinafter, "Wayne Homes") by counsel, for its complaint against Plaintiffs, Allen Hibbert Land Company formerly American Heritage Homes Corporation, (hereinafter, "Hibbert"), and American Heritage Homes Corporation (hereinafter, "AHHC"), (collectively, "American Heritage"), Cindy and Troy Prater, (hereinafter, "Praters") and the unknown draftsperson or persons responsible for recreating the copyrighted material (hereinafter, "Draftsperson") states as follows:

## THE PARTIES

1. Plaintiff, NewNV Co. is a Nevada Limited Liability Company doing business as Wayne Homes and having its mailing address at 3777 Boettler Oaks Dr., Uniontown, Ohio 44685.

2. Wayne Homes is in the business of designing and constructing new homes.

3. On January 1, 2008 New NV Co., LLC purchased the assets of Wayne Homes, LLC including "All architectural plans and drawings" and "All intellectual property, including but not limited to trademarks, copyrights and fictitious names."

4. On information and belief, Defendants American Heritage are two Ohio Corporations; Hibbert and AHHC.

5. On information and belief, Defendant American Heritage principle place of business is 4685 Old Columbus Road, Carroll, Ohio 43122.

6. On information and belief, Defendant American Heritage is engaged in the home construction business.

7. On information and belief, Defendants, Praters, are individuals residing at 5356 Miller-Paul Road, Westerville Ohio 43082.

8. On information and belief, "John Doe" is/are draftsperson or persons of unknown address whose names and addresses, Plaintiff shall supply within the time allotted by rule.

## JURISDICTION AND VENUE

9. This is an action for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*, for false designation of origin under 15 U.S.C. § 1125, the Trademark Dilution Revision Act of 2006, ORC § 4165.02, the Ohio Deceptive Trade Practices Act, and Unjust Enrichment.

10. This Court has subject jurisdiction by virtue of 28 U.S.C.§§ 1331, 1338 and 15 U.S.C. § 1121. Supplemental Jurisdiction over state and common law claims pursuant to 28 U.S.C. 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(a) in that the Defendants reside or have their principle place of business within this District and the claims that give rise to this action occurred within this District.

## BACKGROUND FACTS

12. On June 16, 2003, The United States Copyright Office granted Wayne Homes, LLC. Certificate of Registration, No's. VAu592-776 and TX 5-782-785 for The Alexandria House Plan and Alexandria Insert. True and accurate copies are attached as Exhibit "A"

13. On April 2, 2009 The United States Copyright Office granted New NV Co., LLC Certificate of Registration, No. **VAu980-295** for the Custom Alexandria plans prepared for the Praters. ( Hereinafter, "Alexandria Prater")(Exhibit "B")

14. Wayne Homes expended a considerable amount of time, money and effort to design, develop, construct and promote the Alexandria home through out Ohio, Pennsylvania, Kentucky and Michigan.

15. Wayne Homes expended a considerable amount of time, money and effort to design, develop the Alexandria plan and the derivative Alexandria Prater.

16. On January 1, 2008, New NV Co., LLC purchased the assets of Wayne Homes, LLC and all plans, drawings, intellectual property and copyrights.

17. On October 29, 2006, the Praters entered into a Wayne Homes New Home Construction Agreement for the construction of a Custom Wayne Homes' Alexandria Model. True and accurate copies are attached as Exhibit "C"

18. The construction agreement includes among other contract documents: the building specifications, the drawings and any additional exhibits or addenda.

19. Attached and incorporated into the construction agreement were the Independence Line Building Specifications (hereinafter, "building specs.") A true and accurate copy is attached as Exhibit "D"

20. Page 2 paragraph 5 of the building specs. states that all plans, designs and specifications are owned by Wayne Homes and protected by United States Copyright Laws.

21. Wayne Homes completed the preliminary plans and drawings of the Alexandria Prater on December 5, 2006. True and accurate copies are attached as Exhibit "E"

22. All plans and drawings contain notification of copyright protection.

23. Wayne Homes presented the Praters with a copy of the preliminary plans and drawings of the Alexandria Prater in December, 2006.

24. On information and belief, the Praters provided American Heritage with plans and drawings or copies of the plans and drawing of the Alexandria Prater.

25. American Heritage using infringing plans and drawings subsequently constructed the Praters' house at 5356 Miller-Paul Road, Westerville, Ohio 43082. (hereinafter, "Prater house") A true and accurate picture of the Prater house is attached as Exhibit "F"

26. The Prater house is substantially identical to the Alexandria Prater. A true and accurate picture of a completed Alexandria home is attached as Exhibit "G".

27. On information and belief, John Doe, draftsperson or draftspersons, using the Alexandria plans and drawings, recreated in substantially identical form the plans

and drawings for the Praters house. True and accurate copies of the American Heritage plans and drawings are attached as Exhibit "H"

28. On information and belief American Heritage, the Praters or John Doe filed the infringing plans and drawing with the Delaware County Engineer's Office for its approval.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-28 of the Complaint.

30. The Alexandria plans and drawings and the Alexandria Home (Collectively, "Alexandria Works") contain material wholly original and copyrightable under the Copyright Act. Wayne Homes owns all rights including copyright rights in the Alexandria Works.

31. The Alexandria Prater contains material wholly original and copyrightable under the Copyright Act. Wayne Homes owns all rights including copyright rights in the Alexandria Prater.

32. Wayne Homes, LLC copyrighted the Alexandria Works in full compliance with the Copyright Act, Certificate No's. VAu592-776 and Tx 5-782-785. See Exhibit "A"

33. New NV Co., LLC copyrighted the Alexandria Prater in full compliance with the Copyright Act, Certificate No VAu980-295. See Exhibit "B"

34. Defendants' American Heritage, reproducing the Alexandria Prater plans and drawings and filing the plans and drawings as well as constructing the Prater house were and are not authorized by the Plaintiff.

35. Defendants' American Heritage reproducing the Alexandria Prater plans and drawings and constructing a substantial copy of the Alexandria Prater on the Praters' land constitutes a copyright infringement by reproducing the copyrighted

    works, preparing one or more derivative works based on the copyrighted works and distributing the copyrighted works.

36. Plaintiff, through counsel, notified Defendants, American Heritage that the Defendants had infringed on Plaintiff's copyright.

37. Plaintiff, on belief and on the basis alleged, state that unless enjoined by this Court, Defendants, American Heritage intend to continue to infringe on and profit from Plaintiff's copyrighted Alexandria Works, Alexandria Prater and works derived there from.

38. Defendants' American Heritage actions caused and will continue to cause irreparable damage to Plaintiff's business, reputation and goodwill unless restrained by the Court.

39. Plaintiff has no adequate remedy at law.

40. On information and belief, the Defendants American Heritage acted willfully and deliberately by infringing on openly copyrighted works.

## COUNT II

## COPYRIGHT INFRINGEMENT

41. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-40 of the Complaint.

42. Defendant John Doe's, reproduction of the Alexandria Prater plans and drawings and filing the plans and drawings of the Prater house were and are not authorized by the Plaintiff.

43. Defendant John Doe's reproduction of the Alexandria plans and drawings and subsequent construction of a substantial copy of the Alexandria Prater on the Praters' land constitutes a copyright infringement by reproducing the copyrighted works, preparing one or more derivative works based on the copyrighted works and distributing the copyrighted works.

44. Defendant John Doe's actions caused and will continue to cause irreparable damage to Plaintiff's business, reputation and goodwill unless restrained by the Court.

45. Plaintiff has no adequate remedy at law.

46. On information and belief, the Defendant, John Doe, acted willfully and deliberately by infringing on openly copyrighted works.

## COUNT III

## CONTRIBUTORY COPYRIGHT INFRINGMENT

47. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-46 of the Complaint.

48. On information and belief, the Praters hired American Heritage to construct a substantial copy of the Alexandria Prater.

49. On information and belief, Praters supplied American Heritage and/or John Doe with the Alexandria Prater plans and drawings or instructed American Heritage in sufficient detail to reproduce the Alexandria Prater.

50. On information and belief, American Heritage copied or had copied the Alexandria Prater and constructed a substantial copy of the Alexandria Prater. See Photographic Exhibits "F" and "G" See also Architectual Plans Exhibits "E" and "H"

51. The Praters knowingly, intentionally and willingly induced American Heritage to copy and construct a home pursuant to the Alexandria Prater.

52. The Praters' acts averred herein infringe upon Plaintiff's copyrights.

53. The Praters acts averred herein caused and will continue to cause Plaintiff, substantial injuries, loss and damage to its exclusive rights under copyright.

## COUNT IV

## FALSE DESIGNATION OF ORIGIN

54. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-53 of the Complaint.

55. The alleged acts of the Defendants are likely to cause confusion as to the creator and owner of the Alexandria Works, the Alexandria Prater and any works derived there from.

56. The Defendants filing of copies or derivative works copyrighted by Plaintiff along with the Defendants construction of a substantial copy or a derivative of the Alexandria Works or the Alexandria Prater on the Praters property, are a false designation of origin which is likely to cause confusion, mistake, and to deceive as to the affiliation, connection or association of the Defendants with Plaintiff and as to the origin, sponsorship, or approval of such design and construction services by Plaintiff.

57. These acts are in violation of 15 U.S.C. § 1125 and ORC § 4165 and will likely continue unless enjoined by the Court.

58. The foreseeable result of Defendants' wrongful acts has deprived the Plaintiff of benefits derived from the exclusive design and construction for others, of goodwill, and relations with past, present and future clients in an amount that is currently not ascertainable, but shall be proved at trial.

59. Plaintiff has no adequate remedy at law and will be irreparably injured unless the Defendants are enjoined form acts constituting false designation of origin.

## COUNT V

## UNJUST ENRICHMENT

60. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-59 of the Complaint.

61. Defendants have been unjustly enriched as a result of the benefits procured through their unlawful, willful and deliberate misappropriation and infringement of Plaintiff's copyright in the Alexandria Works, the Alexandria Prater and works derived and constructed there from.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants infringed on Plaintiff's copyright No. VAu592-776 and/or VAu980-295 under 17 U.S.C. § 501 *et seq.*;

B. That Defendants infringment on Plaintiff's copyright No. VAu592-776 and/or VAu980-295 under 17 U.S.C. § 501 *et seq.*, was willful and deliberate;

C. That Defendants infringement on Plaintiff's copyrights No. VAu592-776 and/or VAu980-295 under 17 U.S.C. § 501 *et seq.*, will likely continue unless enjoined from further infringement;

D. That this Court order a permanent injunction, enjoining the Defendants, their employees, servants, agents, distributors, and all persons in concert or participation with any of them who receive notice of such injunction from directly or indirectly infringing upon Plaintiff's copyright in the Alexandria Works and/or the Alexandria Prater and further enjoining them from continuing to; market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or construct any works derived or copied from the copyrighted Alexandria Works and or the Alexandria Prater.

E. That Defendants be ordered to deliver upon oath to be impounded during the pendency of this action and destroyed upon judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe upon copyright including without limitation; the infringing plans, architectural work, all means of creating

such infringements, including without limitations, all computers, computer networks, software and electronic media fixed or removable;

F. That Defendants provide sworn affidavits that all of the above described materials have been delivered or if discovered shall be delivered to the Court or Plaintiff for destruction and that Defendants shall henceforth not infringe upon any copyrighted material.

G. Upon judgment and proof the Defendants pay Plaintiff's actual damages and for profits attributable to the infringement of Plaintiff's copyrights and other such damages the Court shall deem proper under copyright statute;

H. That each Defendant be required to pay statutory damages of up to $60,000.00 with respect to each copyright;

I. The court order punitive damages for willful and deliberate conduct in a statutory amount up to $180,000.00 for all willful and deliberate infringement with respect to each copyright;

J. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement;

K. That all gains, profits, and advantages derived by the Defendants from their actions deemed to be held in constructive trust for Plaintiff's benefit;

L. That the Defendants' related parties under notice be enjoined from further acts of false designations of origins;

M. That Defendants' acts of false designation of origins were intentional.

N. That upon proof the Court trebles any award for any gains, profits, and advantages derived by Defendants for the construction of the Praters' house by reason of false designation of origins as provided by 15 U.S.C. § 1117

O. That the Court award punitive and exemplary damages in an amount the Court deems proper for Defendants' acts of false designation of origins;

P. That Plaintiffs recover any costs associated with this action;

Q. That Plaintiff recover all reasonable attorney fees associated with this action;

R. That this court award prejudgment interest on the amount of all damages and attorney fees; and

S. That this Court award any other relief as this court deems just and proper.

Respectfully Submitted

_____
Michael S. Gruber, (#0019238)
M. Dean Dahl (#00661492)
6370 Mt. Pleasant Street NW
North Canton, Ohio 44720-0985
Phone: (330) 497-2886
Fax: (330) 497-7477
Attorneys for Plaintiff