UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

New NV Co., LLC,

    Plaintiff,

    -v-                                        Case No. 2:10–cv–99

Cindy Prater, et al.,                Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

Plaintiff asserted copyright infringement under 15 U.S.C. § 101, *et seq.*, false designation of origin under 15 U.S.C. § 1125, as well as state law claims. The Court dismissed this action on July 1, 2010 for failure to show cause why service was not made within 120 days. Order, ECF No. 5. Plaintiff now moves to "revive" the case on the sole ground that Defendants agreed to accept service. Pl.'s Mot. Revive, ECF No. 8.

## I. BACKGROUND

Plaintiff originally sued Defendants, asserting the same claims, on October 7, 2008. *New NV v. Allen Hibbert Land Co.*, 2:08–cv–948. Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6) on March 4, 2009. Plaintiff failed timely to respond to the motion to dismiss, and on April 28, 2009, the Magistrate Judge issued an order requiring Plaintiff to respond to the motion to dismiss within seven days. Plaintiff did not file a response, but instead filed a motion for voluntary dismissal on April 29, 2009. The Court granted the motion to voluntarily dismiss on May 28, 2009.

Plaintiff filed the instant, identical action on February 3, 2010. On June 9, 2010, the Magistrate Judge issued an order directing Plaintiff to show cause within fourteen days why the action should not be dismissed for failure timely to obtain service as required under Federal Rule of Civil Procedure 4(m). Order, EFC No. 4. Plaintiff's counsel avers that he then immediately sent Defendants' counsel an email requesting that Defendants waive service. Plaintiff's counsel further states that in July 2010, he received an email from Defendants' counsel indicating that Defendants would accept service of process.

Plaintiff, however, never responded to the Magistrate Judge's show cause order. As a result, on July 1, 2010, the Court dismissed this action without prejudice for failure to show cause why service was not made within 120 days.

On August 20, 2010, Plaintiff filed a motion to "revive" this case on the ground that Defendants agreed to accept service of process. Pl.'s Mot. Revive, ECF No. 8. On September 21, 2010, Defendants filed a "notice of clarification of record," in which Defendants state that on August 19, 2010, Defendants' counsel had a telephone conversation with Plaintiff's counsel, during which Plaintiff's counsel asked Defendants to accept service of process. Defs.' Notice 1–2, ECF No. 9. Plaintiff's counsel mentioned the dismissal, which Defendants' counsel misunderstood to mean the dismissal of the *previous* action. *Id.* Defendants' agreement to accept service was apparently based on the misunderstanding that the instant case was still pending. *See id.* In addition, Defendants indicate they did not consent to revive the case. *Id.*

On September 22, 2010, after obtaining leave of Court, Defendants filed a memorandum in opposition to Plaintiff's motion to revive. Defs.' Mem. Op., ECF No.

12. In their memorandum in opposition, Defendants argue that the Court should deny Plaintiff's motion to revive because Plaintiff did not show cause why the case should not be dismissed, and because the Court lacks jurisdiction to rule on Plaintiff's motion to revive.

On October 6, 2010, Plaintiff filed a reply to Defendant's memorandum in opposition. Reply, ECF No. 13. In its reply, Plaintiff again argues that Defendants agreed to waive service.

## II. DISCUSSION

Plaintiff ostensibly seeks to "revive" under Fed. R. Civ. P. 60(b), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . . or, (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

> Federal Rule of Civil Procedure 60(b)(1) permits relief "from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In order to receive Fed. R. Civ .P. 60(b)(1) relief, the moving party must demonstrate both the existence of mistake, inadvertence, surprise, or excusable neglect and a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980). Neither carelessness nor ignorance of the law on the part of the moving party will justify relief under Fed. R. Civ. P. 60(b)(1). *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 685–87 (6th Cir. 1999); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 558 n.1 (6th Cir. 1996).

*Merriweather v. Wilkinson*, 83 F. App'x 62, 63 (6th Cir. 2003). Relief under Fed. R. Civ. P. 60(b)(6) "requires a showing of exceptional or extraordinary circumstances." *East Brooks Books v. City of Memphis*, — F.3d —, No. 09–6254, 2011 WL 650417, at *5 (6th Cir. Feb. 24, 2011).

Plaintiff relies on a decision in which the court allowed a case to be reopened despite neglect of the case. *Jordan v. The Ohio State Univ.*, No. 2:08–cv–1122, 2010 WL 2760940 (S.D. Ohio July 13, 2010). In *Jordan*, the magistrate judge issued a show cause order after the plaintiff failed to obtain service within 120 days. The court dismissed the action after the plaintiff failed to respond to the magistrate judge's show cause order. The plaintiff then filed a motion to vacate the dismissal, asserting she neglected to obtain service because she believed the case would settle before the 120 days ran. She also maintained that she failed to respond to the Magistrate Judge's show cause order due to the chronic illness of her attorney. The court granted the motion to vacate, finding that the plaintiff had demonstrated excusable neglect for purposes of Fed. R. Civ. P. 60(b)(1) and (6). The court then gave the plaintiff an additional thirty days within which to obtain service. The plaintiff again failed timely to effect service, and the magistrate judge issued another show cause order. The plaintiff responded to the show cause order, arguing that she believed her earlier effort to obtain a waiver of service satisfied the service requirement. The court rejected the plaintiff's explanation on that occasion, and dismissed the action without prejudice. *Jordan*, 2010 WL 2760940, at *3–4.

In the instant case, in contrast to *Jordan*, Plaintiff does not attempt to explain why service was not obtained within 120 days after the action was filed or why Plaintiff

did not make any attempt to respond to the Magistrate Judge's show cause order. Plaintiff indicates that it contacted Defendants' counsel by email the day the show cause order issued, but Plaintiff does not indicate that it took any other action to obtain service before the time to show cause expired. In short, Plaintiff does not demonstrate excusable neglect. As a result, Plaintiff fails to satisfy the first requirement for relief under Fed. R. Civ. P. 60(b)(1). See *Merriweather*, 83 F. App'x at 63. In addition, Plaintiff does not argue, let alone demonstrate, that it has a meritorious claim. Consequently, Plaintiff also fails to satisfy the second requirement for relief under Fed. R. Civ. P. 60(b)(1). *Id.* For these reasons, Plaintiff is not entitled to "revive" this action under Fed. R. Civ. P. 60(b)(1).

Similarly, Plaintiff does not argue, let alone demonstrate, that this case entails exceptional or extraordinary circumstances. Relief from judgment under Fed. R. Civ. P. 60(b)(6) is therefore not warranted.

### III. DISPOSITION

Based on the above, the Court **DENIES** Plaintiff's motion to revive this action. ECF No. 8.

The Clerk shall remove ECF No. 8 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT